Filed 11/20/15  P. v. Tran CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051332 |
| v. | (Super. Ct. No. 10WF1349) |
| BRUCE KING TRAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant and appellant Bruce King Tran of one count of continuous sexual abuse of a child under age 14 (Pen. Code, § 288.5, subd. (a), count 1, all further undesignated references are to this code), and six counts of lewd act upon a child under age 14 (§ 288, subd. (a), counts 2-7), and found true the additional allegation as to counts 2-7 that Tran engaged in substantial sexual conduct with a child (§ 1203.066, subd. (a)(8)). The court sentenced Tran to a total term of 28 years in prison, consisting of the 16-year upper term on count 1, plus consecutive 2-year terms (1/3 of the 6-year mid-term) on each of counts 2-7.

We appointed counsel to represent Tran on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on Tran's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel notified Tran that he could file a supplemental brief on his own behalf. However, the time to do so has passed and we have received no communication from him.

To assist us in our independent review of the record, counsel suggested we consider a number of issues which are set out and discussed below.

## FACTS

Tran was the primary caregiver for the victim (Victim) until she turned 15. Victim was born in 1995 and was 18 years old at the time of the trial. While not entirely clear, Victim's mother appears to have been in an on-again, off-again relationship with Tran, and was not significantly involved in her upbringing.

Victim testified Tran became sexual with her when she was 9 or 10 years old. Tran would come into her bedroom and touch her breasts and vaginal area, initially over her clothes but later under her clothes. The sexual touching occurred more than three times when Victim was 10 years old, and a total of 20 or 30 times when she was 9 to 10 years old. The touching of Victim's vagina occurred when she was 11, 12, 13, and 14 years old.

Victim testified the sexual conduct escalated when she was 12 and 13 years old. Tran would have her touch his penis until he ejaculated and, Tran began to use his mouth on her vagina. Victim refused to perform oral sex on Tran and refused to allow him to have sexual intercourse with her.

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, including the issues suggested by counsel and discussed below, and we have found no arguable issues on appeal.

(1) Counsel suggests we consider whether the prosecutor engaged in prejudicial misconduct during closing argument when she referred to evidence of uncharged sex offenses admitted under Evidence Code section 1108. Most of this alleged misconduct was not objected to and thus is not reviewable on appeal. (*People v. Earp* (1999) 20 Cal.4th 826, 858; *People v. Price* (1991) 1 Cal.4th 324, 447.)

(2) Counsel suggests we consider whether the one instance of alleged prosecutorial misconduct which was objected to was cured when the court sustained the objection. We conclude the conduct complained of in this instance was not misconduct under state law because it did not involve the use of deceptive or reprehensible methods to attempt to persuade the jury. (*People v. Espinoza* (1992) 3 Cal.4th 806, 820; *People v. Price*, *supra*, 1 Cal.4th at p. 447.)

(3) Counsel suggests we consider whether Tran's trial counsel was ineffective because she did not request a jury admonishment regarding the one instance of alleged prosecutorial misconduct which she objected to, and she failed to object to the other instances of alleged prosecutorial misconduct. We reject these claims without deciding whether counsel's performance was deficient because there is no showing the challenged actions affected the reliability of the trial process. (*Strickland v. Washington* (1984) 466 U.S. 668, 697; *People v. Kipp* (1998) 18 Cal.4th 349, 366.)

3

(4) Counsel suggests we consider whether the court had a sua sponte obligation to give the CALCRIM No. 1191 jury instruction regarding the evidence of uncharged sex offenses. We have done so and concluded the court had no such sua sponte obligation. (*People v. Cottone* (2013) 57 Cal.4th 269, 293.)

(5) Counsel suggests we consider whether the court erred or abused its sentencing discretion by imposing the maximum possible sentence consisting of the upper term on count 1, and consecutive sentences on each of counts 2-7. The court cited the parent/child relationship between Tran and Victim, and Tran's lack of remorse as the bases for imposing the upper term on count 1. Regarding the consecutive subordinate terms, the court noted the crimes occurred over a period of six years, at different times and in different places, and Tran had sufficient time between crimes to reflect, contemplate and cease his behavior. On this record, we perceive no sentencing error or abuse of sentencing discretion.

(6) Counsel suggests we consider whether the court erred by refusing to strike from the probation and sentencing report, a statement listed as a circumstance in aggravation (Cal. Rules of Court, rule 4.421(b)(1)), to the effect that Tran had "engaged in violent conduct that indicates a serious danger to society." In refusing to do so, the court noted Tran's conviction offenses are "violent" felonies within the meaning of section 667.5, subdivision (c), and it rejected defense counsel's argument that the conduct itself must be violent in the sense that force or weapons must be used. Regardless of the merits of these divergent views, the court clearly stated it did not rely on the challenged circumstance in aggravation for purposes of sentencing, and we are not aware of any authority which required the court to strike such matters from the probation and sentencing report for other purposes, such as Tran's prison housing classification. Therefore, we discern no error on this point.

## DISPOSITION

The judgment is affirmed.


                                            THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

5